**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL BERRY, | ) | NO. CV 17-2140-R(E) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION |
| ERIC ARNOLD, | ) | WITH LEAVE TO AMEND |
| Respondent. | ) | |

On March 17, 2017, Petitioner filed a document seeking "Review De Novo under 28 U.S.C. 2254 of California Supreme Court Decision Denying Habeas Corpus, etc." ("the Petition"). The Petition, which evidently seeks federal habeas review of a state court conviction, does not identify the conviction or allege any reason why the conviction supposedly is unlawful.

The Petition is not in proper form for a federal habeas corpus petition. See L.R. 83-16.1 ("a petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the [United States District] Court"); see also Rule 2(c) and (d) of the

```
 1   Rules Governing Section 2254 Cases in the United States District
 2   Courts.  More fundamentally, the Petition fails to state any claim on
 3   which federal habeas relief could be granted.  Under Rule 2(c) of the
 4   Rules Governing Section 2254 Cases in the United States District
 5   Courts, a federal habeas petition must "specify all the grounds for
 6   relief available to the petitioner . . . [and] . . . state the facts
 7   supporting each ground."  The present Petition violates Rule 2(c) and
 8   is therefore subject to dismissal.  See Blackledge v. Allison, 431
 9   U.S. 63, 75 n.7 (1977) (summary disposition of habeas petition
10   appropriate where allegations are vague; "the petition is expected to
11   state facts that point to a real possibility of constitutional error")
12   (citation, internal quotations and brackets omitted); Ellis v. Cullen,
13   2011 WL 249495, *2-3 (N.D. Cal. Jan. 26, 2011) ("The petition does not
14   provide enough information for the court to determine whether some of
15   the allegations state cognizable claims for relief.  That same lack of
16   information means that the petition would not give respondent fair
17   notice of [petitioner's] claims, such that he could prepare a
18   meaningful response").
19
20        The Petition also violates Rule 8(a) of the Federal Rules of
21   Civil Procedure.  Rule 8(a) requires that a pleading contain "a short
22   and plain statement of the claim showing that the pleader is entitled
23   to relief."  As previously observed, the allegations of the present
24   Petition fail to show that the Petitioner is entitled to relief.
25
26        Accordingly, the Petition is dismissed without prejudice.  If
27   Petitioner intends to pursue habeas corpus relief in the United States
28   District Court for the Central District of California at this time,
```

Petitioner shall file a First Amended Petition that utilizes the approved form. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition. The First Amended Petition shall contain a short and plain statement of the grounds for relief and the supporting facts. Failure to file a First Amended Petition within thirty (30) days of the date of this Order may result in the dismissal of this action for failure to prosecute.

DATED: March 22, 2017.

_____
           MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE

PRESENTED this 21st day of March, 2017, by:

           /s/
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE